UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **BANKERS INS. CO.** | **CIVIL ACTION NO. 07-CV-2063** |
|     Plaintiff, Consol Defendant, | **MEMBER NO. 08-CV-0659** |
|     Intervenor Defendant, | |
|     Counter-defendant | |
| | |
| **STATE FARM FIRE & CASUALTY CO.** | |
|     Consol Plaintiff, Counter-Claimant | |
| | |
| **JASON T. REED** | |
|     Intervenor Plaintiff | |
| | |
| **VS.** | **JUDGE MELANÇON** |
| | |
| **REDDICK STEVENS,** | **MAGISTRATE JUDGE METHVIN** |
|   *d/b/a Stevens Construction* | |
|     Defendant, Intervenor Defendant | |
| | |
| **CERTAIN UNDERWRITERS AT** | |
|   **LLOYD'S LONDON** | |
|     Defendant | |

## *RULING ON JURISDICTIONAL AMOUNT*

As required by a standing order of this court, the undersigned has reviewed the record and concludes that the jurisdictional amount has been established in this diversity case.

Plaintiff Bankers Insurance Co. filed the instant declaratory judgment action on November 29, 2007. Bankers alleges the following: defendant Stevens Construction was hired to perform roofing work at the Kings Country Apartments in Lafayette, Louisiana and was working there on May 21, 2007; Bankers issued a Commercial General Liability Insurance Policy to Stevens with limits of $100,000; on May 21, 2007, a fire occurred at the apartment building resulting in substantial property damage; defendant Underwriters paid $287,074.52 to the Kings Country Condominium Owners Association pursuant to a property insurance contract; Underwriters is subrogated to the rights of the Homeowner's Association and has made demand upon Stevens and Bankers for the $287,074.52 amount paid, contending that the fire was caused by Stevens.

Bankers seeks a declaratory judgment that the insurance policy it issued to Stevens does not provide coverage for the damages complained of by Underwriters, and that Bankers is not obligated to defend and/or indemnify Stevens or Underwriters for damages arising out of the fire.

In declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim. Hartford Ins. Group v. Lou-Con Inc., 293 F.3d 908, 911 (5th Cir. 2002), *citing* 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 3d §§ 3710 (3d ed.1998).

Given Bankers' allegations that Underwriters has made a demand for $287,074.52 upon it, the undersigned concludes that the jurisdictional amount has been established.

Signed at Lafayette, Louisiana, on October 14, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)